**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bonni Jo LEYDEN, Defendant–Appellant.**

**No. 02–1290.**

United States Court of Appeals, Tenth Circuit.

Feb. 3, 2003.

John W. Suthers, U.S. Attorney, James R. Allison, Robert M. Russel, Denver, CO, for Plaintiff–Appellee.

Bonni Jo Leyden, Grand Junction, CO, for Defendant–Appellant.

Before SEYMOUR, HENRY and BRISCOE, Circuit Judges.

**ORDER AND JUDGMENT**[*]

BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Bonni Jo Leyden appeals her conviction for embezzlement of mail by a postal employee, 18 U.S.C. § 1709. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

On September 7, 2001, Leyden, an employee at the Grand Junction, Colorado, postal facilities, was arrested by postal

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

inspectors as she left her place of work in her personal vehicle. At the time of her arrest, she was found in possession of a "test mailing" that postal inspectors had put into circulation at the Grand Junction postal facilities. The "test mailing" was a small package addressed to a fictitious person at a nonexistent address on Leyden's postal route. The return address listed a nonexistent coin exchange business, suggesting the package might contain coins or other valuables. Such "test mailings" are used by postal inspectors to determine whether postal employees are properly handling the mail. Leyden was convicted of embezzling mail and was sentenced to a five-year term of probation.

Defense counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating his belief that the record contains no meritorious issues for appeal. Defense counsel has also filed a motion to withdraw, stating his belief that the issues raised on appeal are frivolous. As required, copies of the *Anders* brief and the motion to withdraw were provided to Leyden. *See id.* at 744, 87 S.Ct. 1396.

Pursuant to our duty under *Anders*, we have conducted an independent review of the record, and we agree with defense counsel's conclusion that the appeal is without merit. The evidence presented at trial was sufficient to support Leyden's conviction. *See United States v. Vallo*, 238 F.3d 1242, 1247 (10th Cir.2001) (outlining standard for determining whether evidence is sufficient to support criminal conviction). The district court properly admitted the government's Rule 404(b) evidence—a letter addressed to a customer on Leyden's postal route and found in Leyden's purse at the time of her arrest—for the purpose of showing Leyden's knowledge, intent, or absence of mistake

regarding the conduct in question. *See Huddleston v. United States*, 485 U.S. 681, 691–92, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988) (setting forth test for admissibility of evidence pursuant to 404(b)).

Counsel's motions to withdraw and to waive oral argument are GRANTED. The judgment of the district court is AFFIRMED.